**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF:<br>In re Iveyfund, LLC,<br>　　　　　　Debtor.<br>Iveyfund, LLC,<br>　　　　　　Appellant,<br>v.<br>MZ2, LLC,<br>　　　　　　Appellee. | No. CV14-02791-PHX-DGC<br>BK NO. 2:14-bk-12802-DPC<br><br>**ORDER** |

　　　Appellee MZ2, LLC has filed a motion to dismiss Appellant Iveyfund, LLC's bankruptcy appeal. Doc. 5. MZ2 argues that Iveyfund's appeal is equitably moot, statutorily moot, and untimely. The Court will grant MZ2's motion on the ground that Iveyfund's appeal is moot.

**I.　Background.**

　　　This case involves two parcels of vacant property that formerly belonged to Iveyfund, LLC. In August of 2014, Iveyfund filed a Chapter 11 bankruptcy petition. Doc. 1. At that time, MZ2, LLC held promissory notes secured by deeds of trust for the two properties belonging to Iveyfund. Doc. 5 at 37. Wanting to foreclose on these properties, MZ2 filed a motion asking the bankruptcy court to dismiss the case, terminate the stay, or grant adequate protection. *Id.* at 13. Over the next two months, and with the

bankruptcy court's approval, Iveyfund unsuccessfully attempted to sell the properties to a different buyer. *Id.* at 12-32. On December 10, the bankruptcy court granted MZ2's motion for relief from the automatic stay protecting the two properties. Doc. 1 at 7. The order stated:

> Any and all stays against lien enforcement, including the automatic stay of 11 U.S.C. § 362(a) and the automatic injunction of 11 U.S.C. § 524(a), are hereby vacated and annulled with respect to the [two parcels of property in] Scottsdale, Arizona . . . . MZ2, LLC, its assignees and/or successors in interest, may proceed with a foreclosure of and hold the Trustee Sales and/or Judicial Foreclosures with respect to the properties . . . on December 29, 2014 pursuant to state law[.]

*Id.* at 7-8. A trustee's sale was held on December 29, 2014, and MZ2 purchased the properties. Doc. 5 at 38-40. On that same day, Iveyfund filed a notice of appeal from the bankruptcy court's order. Doc. 1.

**II.    Mootness.**

"[W]hen an appellant fails to obtain a stay from an order that permits a sale of the debtor's asset, the appeal will be rendered moot regardless of whether the purchaser has taken irreversible steps following the sale. This mootness rule applies even where the buyer is a party to the appeal." *In re Vista Del Mar Assocs., Inc.*, 181 B.R. 422, 424 (B.A.P. 9th Cir. 1995) (citing *In re Onouli-Kona Land Co.*, 846 F.2d 1170, 1172 (9th Cir. 1988)).[1] "'Whether an order directly approves the sale or simply lifts the automatic stay, the mootness rule dictates that the appellant's failure to obtain a stay moots the appeal.'" *Suter v. Goedert*, 504 F.3d 982, 986 (9th Cir. 2007) (quoting *In re Onouli-Kona*, 846 F.2d at 1171). "There are two recognized exceptions to this mootness rule: (1) where the debtor has a statutory right of redemption, and (2) where other state law would permit the

---

[1] MZ2 refers to this doctrine as "equitable mootness." The courts that have applied it, however, have referred to it as "[b]ankruptcy's mootness rule," *In re Onouli-Kona*, 846 F.2d at 1171, or "bankruptcy sale mootness," *In re Bronson*, No. BAP AZ-12-1368-MKDJU, 2013 WL 2350810, at *4 (B.A.P. 9th Cir. May 29, 2013). Courts have explained that this mootness rule "did not originate in the Bankruptcy Rules. Rather, it is a judicial doctrine which developed from the general rule that the occurrence of events which prevent an appellate court from granting effective relief renders an appeal moot, and the particular need for finality in orders regarding stays in bankruptcy." *Algeran, Inc. v. Advance Ross Corp.*, 759 F.2d 1421, 1424 (9th Cir. 1985).

sale to be set aside." *In re Vista Del Mar Assocs, Inc.*, 181 B.R. at 425 (citing *In re Ewell*, 958 F.2d 276, 280 (9th Cir. 1992)). The party asserting mootness has the "heavy burden" of establishing that the appeal is moot. *Suter*, 504 F.3d at 986.

Here, the bankruptcy court entered an order that permitted the sale of the two properties belonging to Iveyfund. Doc. 1 at 7-8. Iveyfund failed to obtain a stay from this order and MZ2 completed the sale. Iveyfund's appeal from the order is therefore moot. Furthermore, neither of the two exceptions to this mootness rule applies. "In Arizona, the debtor has no right of statutory redemption after the deed of trust is foreclosed by trustee's sale." *Mid Kansas Fed. Sav. & Loan Ass'n of Wichita v. Dynamic Dev. Corp.*, 804 P.2d 1310, 1315 n.3 (Ariz. 1991) (citing A.R.S. § 33-811). Also, there is no other state law that would permit the sale to be set aside because "Arizona law explicitly provides that the foreclosure sale itself cut off any such rights that [Appellant] otherwise might have asserted." *In re Bronson*, 2013 WL 2350810, at *4 (citing A.R.S. § 33-811(C)).

Iveyfund makes various arguments regarding the mootness of this appeal, but cites no authority in support of those arguments. *See* Doc. 7, § II(A). The Court concludes that the authorities cited above control.

**IT IS ORDERED:**

1. Appellee's motion to dismiss (Doc. 5) is **granted.**
2. The Clerk is directed to terminate this case.

Dated this 27th day of March, 2015.

_____
David G. Campbell
United States District Judge